IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CASSANDRA ZEINER, as Representative Heir-at-Law of HAROLD ZEINER, deceased, | )<br>)<br>) |
| *Plaintiff,* | ) |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, acting through and herein for the DEPARTMENT OF VETERAN AFFAIRS and the Robert J. Dole VA Medical Center, | )<br>) Case No.<br>)<br>)<br>) |
| *Defendant.* | )<br>) |

## COMPLAINT

COMES NOW, CASSANDRA ZEINER, as Representative Heir-at Law of Harold Zeiner, deceased, and for her claims against the defendant, UNITED STATES OF AMERICA, alleges and states as follows:

1. Plaintiff is an adult individual and a citizen of Kansas. Plaintiff is the surviving daughter and representative heir-at-law of Harold Zeiner, who wrongfully died on February 20, 2019. As heirs-at-law, Harold Zeiner left behind two adult daughters, Naomi Zeiner and Cassandra Zeiner.

2. Defendant, United States of America, may be served with process by serving Merrick Garland, Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; by serving Kate E. Brubacher, United States Attorney for the District of Kansas, 1200 Epic Center, 301 N. Main Street, Wichita, KS 67207; and by

serving the Honorable Denis McDonough, Secretary of Veterans Affairs, U.S. Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420.

3. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(e), as the United States is a defendant and the events giving rise to the claim occurred in this district.

4. At all times relevant, employees of the United States of America and specifically employees of the Department of Veterans Affairs were acting within the course and scope of their employment, making the defendant, United States of America, liable for all their actions and inactions detailed below pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671.

5. Statutory time limitations which may apply to this action under 28 U.S.C § 2401(b) and/or all other statutory time limitations that may apply to action, should be subject to equitable tolling as the existence and the cause of the injury to Mr. Zeiner were not both made known to Ms. Zeiner and the other heirs-at-law until March of 2022. Mr. Zeiner's heirs-at-law were improperly misinformed about the circumstances of Mr. Zeiner's wrongful death due to concealment by the providers at the Robert J. Dole VA Medical Center, as the Office of the Inspector General has already concluded in its report, discussed in ¶¶ 22-28 *infra*. Such concealment by the providers at the Robert J. Dole VA Medical Center, prevented plaintiff from further investigating Mr. Zeiner's death within the statute of limitations. The heirs-at-law only learned of the true circumstances surrounding Mr. Zeiner's death when they were alerted to the existence of an investigation and report by the Office of Inspector General related to the care and treatment received by Mr. Zeiner at the Robert J. Dole VA Medical Center, as set out further herein.

6. Plaintiff has exhausted her administrative remedies, and the Court has subject matter jurisdiction over plaintiff's claims herein. Pursuant to the requirements of 28 U.S.C. § 2675(a), the heirs-at-law of Mr. Zeiner filed an administrative claim on Standard Form 95 relating

to the care of Harold Zeiner received at the Robert J. Dole VA Medical Center by sending Form 95 by certified mail to the Department of Veterans Affairs, Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, DC 20420 on November 1, 2023. The Department of Veterans Affairs acknowledged receipt of the claim in a letter dated January 12, 2024. Counsel for plaintiff sent e-mail correspondence to Adana Brumfield, Esq., Department of Veterans Affairs, on June 4, 2024. Ms. Brumfield responded on June 11, 2024, advising the Department of Veterans Affairs was still investigating the claim. The Department of Veterans Affairs has not made a final disposition of the claim after more than six months have elapsed since it acknowledged receipt of plaintiff's Form 95 notice. This suit is filed within thirty (30) days of the six-month expiration date for plaintiff's Form 95 notice. Plaintiff has thus met all requirements precedent for filing suit under the Federal Tort Claims Act.

## STATEMENT OF FACTS

Plaintiff hereby adopts by reference paragraphs one through six (1-6) above and in addition, alleges and states:

7. Plaintiff Cassandra Zeiner is the daughter of Harold Zeiner, deceased.

8. The decedent, Mr. Zeiner, was a U.S. Air Force veteran and a civilian at the of the acts and omissions complained of herein.

9. On the afternoon of February 20, 2019, Mr. Zeiner, 70 years-old, presented to Robert J. Dole VA Medical Center Emergency Department reporting chest pain since the previous night.

10. An emergency department triage nurse, Jennifer Werle, immediately triaged Mr. Zeiner at 1348. Mr. Zeiner reported squeezing chest pain that traveled to the left arm accompanied by sweating, and stated he felt like he did with his last heart attack. The nurse documented Mr.

Zeiner was awake and alert but appeared pale and diaphoretic. He was charted as triage category level 2, immediately placed in an emergency department treatment room and handed off to another emergency department nurse, Susan Martinez, at 1351.

11. At 1351 Nurse Martinez initiated the facility's Acute Coronary Syndrome (ACS) protocol and notified the ED physician, Dr. Renae S. Schuler, of the patient. The first EKG was performed promptly at 1352.

12. Dr. Schuler was not at the bedside until 1410 – 25 minutes after Mr. Zeiner's arrival. Dr. Schuler assessed the first EKG which showed cardiac ischemia and had changed when compared to a previous EKG from four years prior. Mr. Zeiner was given oxygen, aspirin, nitroglycerin, heparin, morphine and IV fluids.

13. At 1416 Nurse Martinez notified Dr. Schuler the patient's condition was deteriorating (31 minutes after arrival) with worsening pain and diaphoresis. A second EKG performed at 1424 was given to Dr. Schuler. Dr. Schuler then consulted the facility cardiologist, Dr. Eid, at 1429 (44 minutes after arrival). The cardiologist advised that due to the EKG findings and lack of response to treatment, Dr. Schuler should transfer Mr. Zeiner immediately to a local hospital, Wesley Medical Center, capable of percutaneous coronary intervention (PCI) procedures.

14. Sometime after this – no time is noted in the records – Dr. Schuler attempted to contact Mr. Zeiner's regular cardiologist, Dr. Bajaj, through Wesley's on-call system. Dr. Schuler requested that Dr. Bajaj return a page to speak with her regarding a patient transfer.

15. At 1436 Dr. Bruey, Chief of the Emergency Department, began assisting with Mr. Zeiner's care, and again contacted the facility cardiologist when a third EKG showed further changes concerning for posterior ST-elevation myocardial infarction (STEMI). The cardiologist advised Dr. Bruey that she should perform a posterior EKG and recommended "immediate transfer

to a PCI capable facility." The cardiologist then went to the ED to see the patient, reviewed the EKGs and agreed the findings were suggestive of posterior STEMI.

16. At 1435 (50 minutes after arrival), Dr. Schuler again contacted Wesley's on-call system and informed them Mr. Zeiner was now thought to have Inf/Post STEMI – Wesley one-call reported that Dr. Boppana was the on-call cardiologist for STEMI and paged him.

17. At 1447 (62 minutes after arrival), Wesley's on-call cardiologist accepted the patient and agreed to a transfer.

18. At 1449 (64 minutes after arrival), Mr. Zeiner went into cardiac arrest and became unresponsive. A code blue was called, CPR was started and Mr. Zeiner was intubated. Around that time Mr. Zeiner's family had arrived at the Robert J. Dole VA Medical Center, unaware of the prior series of events, and requested that providers continue resuscitative measures.

19. At 1452 a Robert J. Dole VA Medical Center staff member finally dispatched EMS to request an emergent transport of Mr. Zeiner to Wesley. EMS arrived at the Robert J. Dole VA Medical Center ED at 1501 and immediately requested an additional critical care paramedic who arrived at 1531 and determined Mr. Zeiner could not be transported until he was stabilized.

20. At 1620 (155 minutes after arrival), ED staff and the critical care paramedic determined Mr. Zeiner was stable enough for transport, though still critically ill. Upon leaving the ED, Mr. Zeiner again had abnormal heart rhythms and CPR and defibrillation were reinitiated while en route to Wesley.

21. Mr. Zeiner died shortly after arrival to Wesley's ED and the PCI procedure was never performed. His cause of death was cardiac arrest, myocardial infarction.

22. In March of 2022, plaintiff received an unsolicited phone call from an employee of the Robert J. Dole VA Medical Center who was an acquaintance of Cassandra's. The employee

directed Cassandra to perform a google search for "office of inspector general, healthcare inspection of Robert J. Dole VA Medical Center, report" and provided Cassandra with no other information or context as to why she should conduct said search.

23.     Following the phone call, Cassandra performed the search and discovered a copy of a healthcare inspection report, No. 20-01318-258, titled *Mismanagement of Emergency Department Care of a Patient with Acute Coronary Syndrome at the Robert J. Dole VA Medical Center in Wichita, Kansas*, dated September 23, 2020, written and published by the Department of Veterans Affairs Office of Inspector General.

24.     Upon reading the report, plaintiff and her sister, Naomi Zeiner, easily recognized the inspection, findings, and recommendations that were the subject of the report were regarding the care and treatment of their father, Harold Zeiner. Though personal identifying information regarding the patient was not included in the report, medical records later obtained confirmed the identity of the patient as Harold Zeiner based upon a side-by-side comparison of the report and medical records.

25.     The report documents that the OIG's inspection had substantiated a prior complaint that the mismanagement of Mr. Zeiner's acute coronary syndrome contributed to his death – specifically, that Dr. Schuler mismanaged Mr. Zeiner's care by failing to initiate a timely transfer to a facility capable of the treatment Mr. Zeiner required.

26.     Plaintiff and her sister had absolutely no previous knowledge of anything related to the transfer of Mr. Zeiner or a possible delay in his treatment prior to reading this report. At the time of Mr. Zeiner's treatment at the Robert J. Dole VAMC, plaintiff and her sister were only told that Mr. Zeiner had succumbed to a heart attack. They were never told that an immediate transfer to Wesley was necessary and discussed amongst providers in ED, that Wesley had the capability

to perform a life-saving procedure, or that there had been a delay in that transfer. They were only told that there was nothing more that could have been done to save Mr. Zeiner's life.

27. At the time of Mr. Zeiner's wrongful death, plaintiff and her sister only possessed the knowledge that Mr. Zeiner had passed away from a heart attack. Plaintiff did not learn that the ultimate cause of Mr. Zeiner's death from a heart attack was due to a delay in transfer by Dr. Schuler until she discovered and read the entirety of the OIG report in March of 2022.

28. Further, the report documented that the OIG had found the facility did not complete an institutional disclosure to the patient's family, as VHA policy requires, explaining the concern that an adverse event may have occurred or any information that a delay in transfer had occurred. The OIG confirmed in its investigation that Plaintiff and her sister were never given the totality of the information regarding Mr. Zeiner's death. The report explicitly states, "[t]he intent of institutional disclosure is to fully inform patients and their families about all clinically significant facts related to harm caused by VA medical care and options to pursue potential compensation. When institutional disclosures are not completed when required, patients and their families may inadvertently be denied their rights." (emphasis added)

29. Plaintiff and her sister only learned of the ultimate cause of Mr. Zeiner's death and related negligence of Dr. Schuler through an anonymous source three years later – after which any claim would typically be time-barred.

**FIRST CLAIM:** *Medical Negligence – Agent/Employees of Robert J. Dole VA Medical Center*

Plaintiff hereby adopts by reference paragraphs one through twenty-nine (1-29) above and in addition, alleges and states:

30. In the course of the medical care and treatment rendered to plaintiff's decedent, Mr. Zeiner, the defendant's agent/employee medical providers at the Robert J. Dole VA Medical

Center, including, but not limited to, Dr. Renae S. Schuler, were negligent in their workup, assessment and treatment of Mr. Zeiner on February 20, 2019, including their failure to timely respond to nurses notifications of his worsening condition, failure to initiate a timely consult with the facility cardiologist, and failure to initiate a timely transfer to more equipped facility for the necessary PCI procedure. Defendant, through its agent/employee medical providers, was negligent in other such ways as may be adduced through evidence.

31. As a direct result of defendant's negligence, plaintiff's decedent wrongfully died of cardiac arrest and myocardial infarction. As a result of Mr. Zeiner's death, his heirs-at-law have sustained significant damages, both economic (*Wentling* & funeral expenses) and non-economic.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for damages in an amount not to exceed the sum set forth in the Form 95 administrative filing, $5,714,800.00, together with costs incurred herein and any other relief the Court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL TO BE FILED CONTEMPORANEOUSLY

Pursuant to D. Kan. Local R. 40.2, plaintiff will file a Designation of Place of Trial contemporaneous to the filing of her Complaint, designating Wichita, Kansas, as the Place of Trial.

Respectfully submitted,

HUTTON & HUTTON

/s/ *Kaylea D. Knappenberger, #28902*
Blake A. Shuart, #24463
Andrew W. Hutton, #10264
Kaylea D. Knappenberger, #28902
8100 E. 22nd St. N., Bldg. 1200
Wichita, KS  67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail: Kaylea.Knappenberger@huttonlaw.com
*Attorneys for Plaintiff*