IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASSANDRA ZEINER, as Representative Heir-at-Law of
HAROLD ZEINER, deceased,

        Plaintiff,

v.                                      Case No. 24-1131-JWB

UNITED STATES OF AMERICA, acting through and herein for the
DEPARTMENT OF VETERAN AFFAIRS
and the Robert J. Dole VA Medical Center,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 8.) The motion is fully briefed and ripe for decision. (Docs. 10, 13.) The motion is GRANTED for the reasons stated herein.

**I.**    **Facts and Procedural History**

On February 20, 2019, Harold Zeiner presented to the Robert J. Dole VA Medical Center (the "VA") emergency room reporting chest pain. He was immediately triaged by a nurse. A few minutes later, Nurse Martinez initiated the facility's Acute Coronary Syndrome ("ACS") protocol and notified the emergency department physician, Dr. Renae Schuler. Dr. Schuler did not go to see Mr. Zeiner until twenty-five minutes after his arrival. Thirty-one minutes after his arrival, Nurse Martinez notified Dr. Schuler that Mr. Zeiner's condition was deteriorating. A second EKG was performed and Dr. Schuler consulted with Dr. Eid, the facility cardiologist, 44 minutes after Mr. Zeiner's arrival. Dr. Eid advised immediate transfer to Wesley Medical Center because that hospital was capable of percutaneous coronary intervention ("PCI") procedures. Dr. Schuler

1

attempted to contact Mr. Zeiner's cardiologist through Wesley's on-call system. At fifty minutes after arrival, Dr. Schuler again called Wesley's on-call system and Wesley paged the on-call cardiologist. At fifty-one minutes after arrival, Dr. Eid advised Dr. Bruey, the Chief of the Emergency Department, to immediately transfer Mr. Zeiner to a PCI capable facility. At sixty-two minutes after arrival, Wesley's on-call cardiologist accepted the transfer. Just two minutes later, Mr. Zeiner went into cardiac arrest and became unresponsive. Ultimately, Mr. Zeiner died shortly after arrival at Wesley Hospital. His cause of death was cardiac arrest. (Doc. 1 at 3–5.)

On September 23, 2020, the Department of Veterans Affairs Office of Inspector General ("OIG") issued a report titled *Mismanagement of Emergency Department Care of a Patient with Acute Coronary Syndrome at the Robert J. Dole VA Medical Center in Wichita, Kansas*. *Id.* ¶ 23. The report documents that there was a complaint regarding the mismanagement of Mr. Zeiner's care.[1] The OIG conducted an inspection and concluded that Dr. Schuler mismanaged Mr. Zeiner's care by failing to initiate a timely transfer to a facility capable of the treatment Mr. Zeiner required. *Id.* ¶ 25. The report concluded that this mismanagement contributed to his death. *Id.* The report also stated that there was not an "institutional disclosure to the patient's family or representative to express concern and provide an explanation of the delay in the patient's emergent transfer to the community hospital." (Doc. 8-1 at 7.)[2] The report recommended that the facility perform a review to determine if disclosure was warranted. (*Id.* at 33.)

In March 2022, Plaintiff discovered the report online after being alerted to it by an acquaintance who worked at the VA. Prior to reading the report, Plaintiff and her sister, Naomi

---

[1] Although the report did not identify Mr. Zeiner by name, there is no dispute that the report is about his care and treatment.
[2] Defendant attached the OIG's report to its motion to dismiss. Because the report was cited and discussed in Plaintiff's complaint and Plaintiff has not objected to the authenticity of the report, the court may consider it in ruling on the motion to dismiss. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

Zeiner, did not know that there was a delay in transferring Mr. Zeiner to Wesley. (Doc. 1 ¶ 26.) On November 1, 2023, more than four years after Mr. Zeiner's death, Plaintiff filed an administrative claim with the Department of Veterans Affairs. (*Id.* ¶ 6.) On June 11, 2024, the Department notified Plaintiff that it was still investigating. On August 2, 2024, Plaintiff filed this action against the United States asserting a claim of medical negligence relating to the care and treatment of Mr. Zeiner.

Defendant moves to dismiss Plaintiff's action on the basis that it is barred by Kansas' statute of repose.

## II. Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III. Analysis

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). An action under the FTCA is the exclusive remedy for a plaintiff claiming personal injuries arising out of the negligent conduct

3

of a federal employee, 28 U.S.C. § 2679(b)(1), and federal courts have exclusive jurisdiction over such actions, 28 U.S.C. § 1346(b)(1). Under the FTCA, a plaintiff must administratively exhaust her claim prior to bringing suit by presenting her claim to the appropriate federal agency. 28 U.S.C. § 2675(a). If the agency fails to make a final disposition of the claim in six months, the plaintiff may file an action at that time. *Id.* Further, negligence claims must be presented to the agency within two years after the claim accrues. 28 U.S.C. § 2401.

Under Kansas law, a plaintiff may bring a medical negligence action within two years of the time of occurrence unless the fact of injury is not "reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. § 60-513(c). However, the statute further states that "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action." *Id.* This four year limitation is referred to as a statute of repose and it is substantive law. *Bonin v. Vannaman*, 929 P.2d 754, 761 (D. Kan. 1996) (citing *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 668, 831 P.2d 958 (1992)).

Defendant asserts that this action is barred by Kansas' statute of repose because it was filed more than four years after the act giving rise to the cause of action.[3] Plaintiff filed this action on August 2, 2024, which is more than four years after the alleged negligence occurred. Further, Plaintiff's notice of administrative claim was also filed more than four years after the alleged negligent act occurred. Plaintiff argues that the FTCA preempts the state statute of repose because the FTCA conflicts with the state law. Preemption may occur in three situations: (1) express preemption; (2) field preemption; and (3) conflict preemption. *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998). Plaintiff does not assert that express or field

---

[3] Defendant does not assert at this time that the claim is also barred by the two-year statute of limitations. (Doc. 8 at 12, n. 3.)

4

preemption apply here. Conflict preemption exists where (1) "compliance with both the federal and state laws is a physical impossibility" or (2) the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

Plaintiff argues that the FTCA preempts the statute of repose because the purpose behind the FTCA's administrative procedure requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." (Doc. 10 at 3) (quoting *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016)). Such a purpose would be thwarted, Plaintiff argues, if the statue of repose was allowed to extinguish her claim.

The Tenth Circuit has yet to address this issue. However, the court is persuaded by courts that have reasoned that the FTCA does not preempt a state's statute of repose. Turning back to the FTCA, this statute waives the federal government's sovereign immunity but only when a plaintiff would have a viable claim against a private party in that jurisdiction. 28 U.S.C. § 1346(b)(1).

"Statutes of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and are measured from the date of the defendant's last culpable act or omission." *CTS Corp. v. Waldburger*, 573 U.S. 1 (2014). "Thus, a statute of repose can prohibit a cause of action from coming into existence." *Id.* at 16. As discussed, the FTCA's administrative procedure requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez*, 823 F.3d at 977. Because a statute of repose could essentially dispose of litigation before it begins, it is difficult to see how the statute is an obstacle to the purpose of the administrative review process. If a plaintiff is prohibited from bringing a claim against the government because it has been extinguished by the state statute of repose (as it would be if a plaintiff was suing a doctor

employed by Wesley Hospital instead of the VA), than there is no need for the government to have notice and investigate an extinguished claim. Further, it is difficult to contemplate Congress intending to extend the government's waiver of immunity to claims that could not be brought against private individuals because of a statute of repose. "Instead, the statute of repose applies to determine whether the FTCA waiver is triggered at all, operating as a prerequisite to the FTCA's waiver. Said another way, a plaintiff's failure to comply with the statute of repose extinguishes her claim under state law, and the FTCA's waiver is never triggered." *Lewis v. United States*, No. 22-CV-01834-MDB, 2023 WL 4306375, at *5 (D. Colo. Apr. 10, 2023), *on reconsideration in part*, No. 22-CV-01834-MDB, 2023 WL 4297580 (D. Colo. June 29, 2023).

The cases cited by Plaintiff in support of her position are not persuasive. First, Plaintiff cites extensively to *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577 (D. Kan. Oct. 2, 2017). (Doc. 10 at 3–5.) *Doe BF*, however, does not stand for the proposition that the FTCA preempts Kansas' statute of repose. The court in *Doe BF* determined that "it would be improper to allow agencies to delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim." *Doe BF*, 2017 WL 4355577, at *3 (internal quotation and citation omitted). The court held that a statute of repose is tolled *during* "the mandated use of the administrative process" *but only* "for any claims not already barred before plaintiff began the administrative process." *Id.* This holding is narrower than the rule that Plaintiff seeks. This holding tolls the statute of repose during the administrative exhaustion period as long as the statute of repose has not already run at the time a claim is filed with the agency. That is not the situation confronted by the court here. Plaintiff's claim was already untimely under the statue of repose at the time she filed her administrative complaint.

6

Plaintiff also cites to *Tuck v. United States*, No. 21-CV-02889-NYW, 2022 WL 833367 (D. Colo. Mar. 21, 2022) in support of her position. The court is not persuaded with the reasoning in that opinion. The court in *Tuck* reasoned that Colorado's statute of repose was preempted by the FTCA because it "reduces or interferes with the FTCA's timing and administrative provisions." *Id.* at *9. However, as set forth above, the court does not find a true conflict between the two statutes here as the statute of repose in this case acts to extinguish a claim before it is brought when a specific period of time has passed.[4] Further, there is no conflict here because it was possible for Plaintiff to have satisfied the requirements of both laws. *See Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013). Her allegations make clear that she had notice of the alleged negligence in March 2022, which was approximately eleven months prior to the four year deadline in the statute of repose. She did not file her claim, however, until approximately nineteen months later.

Plaintiff spends significant time explaining that she should be able to have all of the time allowed under the FTCA to bring her administrative claim which is two years from the time her claim accrued. This language, however, "relates specifically to statutes of limitation, and *not* to statutes of repose." *Bennett v. United States*, 44 F.4th 929, 938 (9th Cir. 2022). The "focus on accrual demonstrates [the FTCA] is not intended to supplant substantive state statutes of repose that affect viability of claims without regard to when those claims accrue." *Id.* Further, the circuit courts that have addressed this question have held that the FTCA does not preempt state statutes of repose. *See id.*; *Augutis*, 732 F.3d at 754; *Huddleston v. United States*, 485 F. App'x 744, 746 (6th Cir. 2012); *Jones v. United States*, No. 22-13381, 2024 WL 837054, at *4 (11th Cir. Feb. 28, 2024).

---

[4] The court declines to address whether there is a conflict between the FTCA and the statute of repose in circumstances confronted by the court in *Doe BF*.

7

Moreover, the court is to strictly construe the government's waiver of sovereign immunity in favor of the government. *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021). If the court determined that the FTCA's exhaustion requirement preempted Kansas' statute of repose, that finding would be in direct opposition to the FTCA's requirement that its immunity be waived in circumstances in which private individuals would be liable. *See Jones*, 2024 WL 837054, at *4. Therefore, the court finds that the statute of repose is not preempted by the FTCA. As such, Plaintiff's claim is untimely.

Finally, Plaintiff contends that the statute of repose should be tolled under the doctrine of equitable estoppel for fraudulent concealment. Plaintiff asserts that Kansas courts have tolled the statute of repose when a defendant's conduct delays the discovery of the wrongful act and that in this case Defendant delayed the discovery of the negligent acts by failing to disclose its delay in transfer.

For example, in *Robinson v. Shah*, the Kansas Court of Appeals held that a physician "in a malpractice case cannot take advantage of a defense based on the statute of limitations or the statute of repose where the defendant's own fraudulent concealment has resulted in the delay in discovering the defendant's wrongful actions." 23 Kan. App. 2d 812, 832, 936 P.2d 784, 798 (1997). However, one of the judge's on that panel dissented to the holding with respect to the application of equitable estoppel on the statute of repose. *Id*. at 833–36 (Knudson, J., concurring in part); *see also Doe BF*, 2017 WL 4355577, at *3. Later panels also questioned the holding. *See Dunn v. Dunn*, 47 Kan. App. 2d 619, 281 P.3d 540, 556 (Kan. Ct. App. 2012) ("Whether the doctrine of equitable estoppel is even available to toll a statute of repose is a debatable issue in Kansas."); *Doe v. Popravak*, 55 Kan. App. 2d 1, 20, 421 P.3d 760, 772 (2017). In *Bonin v. Vannaman*, the Kansas Supreme Court declined to decide the question of whether the doctrine of

8

fraudulent concealment expanded the statute of repose because the plaintiff did not plead a valid claim for fraud. 261 Kan. 199, 207, 929 P.2d 754, 762 (1996) (citing *McCoy v. Wesley Hospital & Nurse Training School*, 188 Kan. 325, 331, 362 P.2d 841 (1961) ("The [fraudulent concealment] rule applies only when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitle him to relief.")).

Courts in this district have held that application of equitable estoppel to the statute of repose is limited to claims for fraud. *See Doe BF*, 2017 WL 4355577, at *4; *Karlin v. Paul Revere Life Ins. Co.*, 742 F. Supp. 2d 1253, 1268 (D. Kan. 2010); *Mariscal v. Valadez,* No. 24-4069, 2024 WL 4692054, at *5 (D. Kan. Nov. 6, 2024). The court agrees. The statutory language states that "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action." K.S.A. § 60-513(c). Moreover, the Tenth Circuit has held, "because a statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time, it is not subject to equitable tolling or equitable estoppel." *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015) (citation omitted). This is a substantive law that clearly indicates the legislature intended that all causes of action would expire after four years. *C.f. Doe*, 55 Kan. App. 2d at 20. The court will not apply equitable estoppel to prevent application of the statute of repose in this negligence case.

**IV.    Conclusion**

Defendant's motion to dismiss (Doc. 8) is GRANTED.

IT IS SO ORDERED. Dated this 19th day of March, 2025.

                                                       __s/ John W. Broomes_____
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE